NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2458
_____

LISA MCKENNA,
                                        Appellant

v.

HEALTHEASE, INC.; LOCKHEED MARTIN CORPORATION;
ERIC MAMON; ARMAND TECCO
_____

On Appeal from the United States District Court
for the  Eastern District of  Pennsylvania
District Court No. 2-10-cv-03940
District Judge: The Honorable Berle M. Schiller


Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 7, 2014

Before: SMITH, VANASKIE, and SHWARTZ, *Circuit Judges*

(Filed: July 15, 2014)


_____


OPINION
_____


SMITH, *Circuit Judge.*

Lisa McKenna ("McKenna") appeals from an order of the United States District Court for the Eastern District of Pennsylvania granting summary judgment to defendants Healthease, Inc. ("Healthease"), Armand Tecco ("Tecco"), and Lockheed Martin Corporation ("Lockheed Martin") in McKenna's suit for gender and age discrimination. For the reasons set forth below, we will affirm.

McKenna is a woman who, at all times relevant to this suit, was over the age of forty. Tecco is the owner of Healthease, a company that provides onsite fitness services to businesses. Pertinent to the allegations in this appeal, Healthease entered into a contract with Lockheed Martin to provide onsite fitness services at Lockheed Martin's corporate facility in King of Prussia, Pennsylvania.

Healthease hired McKenna in September 2008 and assigned her to work as the fitness manager at Lockheed Martin's facility. In January 2009, Tecco and another Healthease employee, Eric Mamon, informed McKenna that her employment was being terminated.

On July 10, 2009, McKenna filed for chapter 7 protection in the United States Bankruptcy Court for the Central District of California. *See* Chapter 7 Voluntary Petition, *In re Lisa R. McKenna*, No. 8:09-bk-16886ES (Bankr. C.D. Cal. July 10, 2009), ECF No. 1. McKenna did not list a discrimination claim as an asset on her bankruptcy schedules, nor did she otherwise disclose such a claim to

the Bankruptcy Court. On December 16, 2009, the Bankruptcy Court issued a discharge to McKenna and closed her bankruptcy proceeding.

In 2010, McKenna filed this lawsuit, alleging gender discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and state law discrimination claims under the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. Ann. § 951 *et seq.* Her complaint sought both money damages and injunctive relief.

Defendants moved for dismissal, arguing that McKenna lacked standing to bring claims for damages because the bankruptcy trustee, not McKenna, was the correct party in interest to bring such claims. On December 5, 2012, McKenna's counsel advised the District Court that the bankruptcy trustee would be seeking to reopen McKenna's bankruptcy proceeding and obtain permission from the Bankruptcy Court to pursue McKenna's discrimination claims. On January 15, 2013, the District Court ruled that the bankruptcy trustee, and not McKenna, was the appropriate party to bring these claims. The District Court gave McKenna until February 25, 2013 to reopen her bankruptcy proceeding and substitute the trustee into this discrimination suit.

McKenna did not substitute the trustee by this deadline. Rather, on February 25, 2013, the trustee submitted a motion to the District Court, indicating that

McKenna's bankruptcy proceeding had not been reopened but that the trustee "will seek to move the Bankruptcy Court for an order reopening the case and for reappointment of the Trustee." Request of Jeffrey I. Golden, Former Chapter 7 Trustee for the Bankruptcy Estate of Lisa McKenna for Order Not Dismissing Pending Litigation at 2, *McKenna v. Healthease, Inc.*, No. 2:10-cv-03940-BMS (E.D. Pa. Feb. 25, 2013), ECF No. 59. The same day, February 25, 2013, the trustee filed a motion in the Bankruptcy Court seeking to reopen McKenna's case pursuant to 11 U.S.C. § 350(b). *See* Motion to Reopen Chapter 7 Case, *In re Lisa R. McKenna*, No. 8:09-bk-16886ES (Bankr. C.D. Cal. Feb. 25, 2013), ECF No. 12. On March 25, 2013, the United States Bankruptcy Court for the Central District of California granted the motion to reopen McKenna's bankruptcy case. However, even after the Bankruptcy Court reopened the case, neither McKenna nor the trustee filed a motion or took other action to substitute the trustee into McKenna's discrimination suit.

While the efforts to reopen the bankruptcy proceeding were ongoing, defendants filed motions for summary judgment. McKenna opposed the summary judgment motions, arguing that the District Court should grant her leave to conduct additional discovery pursuant to Federal Rule of Civil Procedure 56(d). On April 19, 2013, the District Court ruled on the motions for summary judgment, granting

summary judgment in favor of the defendants and denying McKenna's request for leave to conduct additional discovery. McKenna then brought this timely appeal.[1]

Upon reviewing the record before us, we conclude that the District Court did not err in granting summary judgment to defendants. First, for the reasons stated by the District Court, we agree that Lockheed Martin was not McKenna's employer and thus cannot be liable for McKenna's claims under Title VII, ADEA, or PHRA. Additionally, we also agree with the District Court's decision to grant summary judgment to Healthease and Tecco because McKenna failed to make out a prima facie case of either age or gender discrimination. We further agree with the District Court that, even if McKenna had made a prima facie case to support her claims, Healthcare and Tecco are entitled to summary judgment because McKenna failed to demonstrate pretext.

Additionally, after a thorough review of the record evidence, we conclude that the District Court did not abuse its discretion in declining to grant McKenna leave to conduct additional discovery instead of ruling on the summary judgment motions. We agree with the District Court that McKenna offered no convincing justification for her failure to conduct this discovery earlier in the litigation and did

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's grant of summary judgment is plenary. *Mikula v. Allegheny Cnty. of Pa.*, 583 F.3d 181, 185 (3d Cir. 2009) (per curiam). We review the District Court's ruling on the motion for additional discovery pursuant to Rule 56(d) for abuse of discretion. *Murphy v. Millennium Radio Grp. LLC*, 650 F.3d 295, 310 (3d Cir. 2011).

not explain how such additional discovery was essential to her opposition to summary judgment. Moreover, we note that McKenna's request—consisting of an unsigned declaration of her counsel offering only conclusory statements that the additional discovery was essential to her defense, *see* J.A. 258–61—did not comply with the requirements of Rule 56(d). *See Lunderstadt v. Colafella*, 885 F.2d 66, 71 (3d Cir. 1989) ("Our case law makes clear that a [Rule 56(d)] motion must identify *with specificity* what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained.") (emphasis added); *Radich v. Goode*, 886 F.2d 1391, 1394 (3d Cir. 1989) (holding an unverified memorandum from a party's attorney is insufficient to satisfy the affidavit requirement of the rule); *see also St. Surin v. Virgin Islands Daily News, Inc.*, 21 F.3d 1309, 1313 (3d Cir. 1994) (emphasizing that our Circuit's case law "underscore[s] the benefits of technical compliance" with the affidavit requirements of Rule 56(d)). Thus, it was not an abuse of discretion for the District Court to deny McKenna's request for additional discovery.

Finally, we reject McKenna's contention that the District Court abused its discretion in not granting additional time for the trustee to file a motion to substitute into this action. The record reveals that McKenna failed to take action to substitute the trustee despite ample opportunity from the District Court. Regardless, the District Court's comprehensive, well-reasoned opinion

demonstrates that because McKenna did not meet her burden of production on her discrimination claims, her reluctance to effectuate substitution had no bearing on the outcome of this case.

Accordingly, we will affirm.